IN RE: PETROBRAS SECURITIES LITIGATION.

This Document Applies to:

Ohio Public Employees Retirement System v. Petróleo Brasileiro S.A.—Petrobras, et al., No. 15–cv–3887 (JSR)

Central States Southeast and Southwest Areas Pension Fund v. Petróleo Brasileiro S.A.—Petrobras, et al., No. 15–cv–3911 (JSR)

Washington State Investment Board v. Petróleo Brasileiro S.A.—Petrobras, et al., No. 15–cv–3923 (JSR)

Al Shams Investments Ltd., et al. v. Petróleo Brasileiro S.A.—Petrobras, et al., No. 15–cv–6243 (JSR)

WGI Emerging Markets Fund, LLC, et al. v. Petróleo Brasileiro S.A.—Petrobras, et al., No. 15–cv–7568 (JSR).

14–cv–9662 (JSR)

United States District Court, S.D. New York.

Signed March 12, 2016

Thomas Edward Egler, Robbins Geller Rudman & Dowd LLP, San Diego, CA, Attorney for Plaintiffs in Central States, Washington State Board of Investment.

Matthew Aaron Lee, Quinn Emanuel Urquhart & Sullivan LLP, New York, NY, Attorney for Plaintiffs in Al Shams.

Kenneth E. Warner, Warner Partners, P.C., New York, NY, Scott A. Humphries, Gibbs & Bruns LLP, Houston, TX, Attorney for Plaintiffs in WGI Emerging Markets Fund, LLC.

Matthew Powers McCahill, Kaplan Fox & Kilsheimer LLP, New York, NY, Attorneys for Plaintiffs in Ohio Public Employees Retirement System.

Israel Dahan, James J. Capra, Jr., King & Spalding LLP (NYC), New York, NY, Kenneth Yeatts Turnbull, King & Spalding LLP, Washington, DC, Attorneys for De-

fendants PricewaterhouseCoopers Auditores Independentes.

## MEMORANDUM ORDER

JED S. RAKOFF, UNITED STATES DISTRICT JUDGE.

Plaintiffs bring the above-captioned individual but related actions against defendant Petróleo Brasileiro S.A.—Petrobras ("Petrobras") and related defendants, including Petrobras' independent auditor, PricewaterhouseCoopers Auditores Independentes ("PwC"). Plaintiffs allege that Petrobras was at the center of a multi-year, multi-billion dollar bribery and kickback scheme, in connection with which defendants made false and misleading statements in violation of the Securities Act of 1933 (the "Securities Act"), the Securities Exchange Act of 1934 (the "Exchange Act"), state law, and Brazilian law. The allegations in these individual actions are substantially similar to the allegations in the related class action, *In re Petrobras Securities Litigation*, No. 14–cv–9662, the details of which are set forth in *In re Petrobras Securities Litigation*, 116 F.Supp.3d 368 (S.D.N.Y.2015), familiarity with which is here presumed. Plaintiffs raise claims under § 11 of the Securities Act, §§ 10(b) and 18 of the Exchange Act, state law, and Brazilian law against PwC. PwC now moves to dismiss these claims, arguing that plaintiffs have failed to adequately plead them or that they are barred by the Securities Litigation Uniform Standards Act ("SLUSA"). The Court grants PwC's motion with respect to all claims *except* plaintiffs' § 11 claims.

*First*, the Court denies PwC's motion to dismiss the § 11 claim in *Ohio Public Employees Retirement System v. Petróleo Brasileiro S.A.—Petrobras, et al.* (the "OPERS" action), No. 15–cv–3887. The parties stipulated that the Court's decision on PwC's motion to dismiss the § 11 claim in the class action would apply to PwC's motion to dismiss the *OPERS* § 11 claim. *See* Stipulation and Order dated Feb. 16, 2016, No. 15–cv–3887, ECF No. 56. Accordingly, PwC's present motion must be denied because the Court ruled on PwC's class action motion to dismiss that plaintiffs' § 11 claims survived *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, —— U.S. ——, 135 S.Ct. 1318, 191 L.Ed.2d 253 (2015). *See* Memorandum Order dated Feb. 19, 2016, at 9–12, No. 14–cv–9662, ECF No. 461.

*Second*, the Court grants PwC's motion to dismiss the § 10(b) claim in *Al Shams Investments Ltd., et al. v. Petróleo Brasileiro S.A.—Petrobras, et al.*, No. 15–cv–6243. The parties stipulated that the Court's decision on PwC's class action motion would apply to the § 10(b) *Al Shams* claim. *See* Plaintiffs' Opposition to PricewaterhouseCoopers Auditores Independentes's Motion to Dismiss Four Individual Actions Ex. A, Stipulation dated Feb. 5, 2016, No. 15–cv–6243, ECF No. 46–1. Accordingly, the § 10(b) *Al Shams* claim must be dismissed because the Court ruled on PwC's class action motion that plaintiffs had failed to adequately plead a strong inference of scienter. *See* Memorandum Order dated Feb. 19, 2016, at 2–9, No. 14–cv–9662, ECF No. 461.

The Court also grants PwC's motion to dismiss the claims of *Al Shams* plaintiff Wafic Rida Saïd. Mr. Saïd concedes that he does not have standing. *See* Plaintiffs' Opposition to PricewaterhouseCoopers Auditores Independentes's Motion to Dismiss Four Individual Actions at 5 n.3, No. 15–cv–6243, ECF No. 46.

PwC also moves to dismiss the § 18 *Al Shams* claim on two grounds. First, PwC argues the § 18 claim must be dismissed under *Omnicare*. However, the parties stipulated that the Court's class action de-

cision would apply to these arguments. *See* Stipulation dated Feb. 5, 2016, No. 15–cv–7568, ECF No. 31. Accordingly, they are resolved in plaintiffs' favor. *See* Plaintiffs' Opposition to PricewaterhouseCoopers Auditores Independentes's Motion to Dismiss Four Individual Actions Ex. A, Stipulation dated Feb. 5, 2016, No. 15–cv–6243, ECF No. 46–1.

█ PwC also argues that the § 18 claim fails on reliance grounds. A § 18 claim requires actual, rather than constructive, reliance on misstatements. *See Heit v. Weitzen*, 402 F.2d 909, 916 (2d Cir.1968). The *Al Shams* plaintiffs allege that they "actually read and relied upon analyst reports and press materials that included the false and misleading statements set forth [earlier in the Amended Complaint]." Amended Complaint ¶ 269; No. 15–cv–6243, ECF No. 25; *see id.* ¶ 254. The Amended Complaint does contain allegations of misstatements of financial figures, including of the value of property, plant, and equipment ("PP & E") assets, as well as allegations of accounting standard violations by PwC and its insufficient scrutiny of Petrobras's operations. *See id.* ¶¶ 86–104, 110–200. However, the Amended Complaint does not state with any specificity which alleged misstatements the Al Shams plaintiffs relied upon and only alleges reliance on the misstatements en masse. In particular, the Amended Complaint does not identify any specific statement made or approved by PwC on which plaintiffs relied.[1] Accordingly, plaintiffs have failed to plead actual

reliance with the particularity demanded by Fed.R.Civ.P. 9(b) and their § 18 claim must be dismissed.

*Third*, the Court denies PwC's motion to dismiss the § 11 claim in *Washington State Investment Board v. Petróleo Brasileiro S.A.—Petrobras, et al.* (the "WSIB" action), No. 15–cv–3923. PwC stipulated that the Court's decision on PwC's motion to dismiss the § 11 claim in the class action would apply to PwC's motion to dismiss the *WSIB* § 11 claim. *See* Stipulation and Order dated Feb. 16, 2016, No. 15–cv–3923, ECF No. 77. Accordingly, PwC's motion must be denied because the Court ruled on PwC's class action motion to dismiss that plaintiffs' § 11 claims survived *Omnicare*. *See* Memorandum Order dated Feb. 19, 2016, at 9–12, No. 14–cv–9662, ECF No. 461.

█ PwC also moves to dismiss the negligent misrepresentation claim in the *WSIB* action. The Court previously held that Washington law applies to this claim. *See* Memorandum Order dated January 5, 2016, at 16–18, No. 15–cv–3923, ECF No. 60. "[T]o prevail on a claim of negligent misrepresentation, a plaintiff must prove ... that he or she justifiably relied on the information that the defendant negligently supplied." *Lawyers Title Ins. Corp. v. Baik*, 147 Wash.2d 536, 545, 55 P.3d 619 (2002).

█ PwC argues that WSIB has failed to allege it relied on PwC's statements, as opposed to Petrobras's. Although WSIB does adequately allege that it relied on

---

**1.** Plaintiffs are correct that this Court previously held that allegations of "reliance on particular financial figures in Forms 20–F filed by defendants" were sufficient to state a § 18 claim, even without "[tying] specific misstatements to specific transactions[,] ... when the relevant period is so extensive and plaintiffs allege numerical misstatements and their relevance with such particularity." Memorandum Order dated Jan, 5, 2016 at 14–15, No. 14–cv–9662, ECF No. 386. But the issue there was the link between specific statements on which plaintiffs relied and specific transactions in securities. Here, the issue is that plaintiffs have not alleged with any particularity the statements or figures on which they relied.

Petrobras's statements, the Third Amended Complaint does not include any allegations of reliance on PwC's audit opinions. *See* Third Amended Complaint for Violations of the Federal Securities Laws and Washington State Statutory and Common Law ¶¶ 448–51, No. 15–cv–3923, ECF No. 74. WSIB argues that because it alleges that it relied on Petrobras's Forms 20–F filed with the SEC and that PwC's audit opinions were incorporated into these Forms 20–F, it has adequately alleged reliance on PwC's statements. *See id.* ¶¶ 177, 449. However, in alleging reliance on Petrobras's filings, the Third Amended Complaint explicitly and repeatedly states that WSIB relied on Petrobras's statements in these filings. *See id.* ¶¶ 449–52 (alleging reliance on Petrobras's financial statements, "the Company's [meaning Petrobras's] statements regarding its earnings, assets, liabilities, and PPE," "the Company's representations," and "the certifications issued by Petrobras executives"). Petrobras's statements, including its financial statements, are distinct from PwC's audit opinions. Allegations of reliance on the former cannot support liability for the latter. Accordingly, WSIB's negligent misrepresentation claim must be dismissed for failure to adequately plead reliance.[2]

*Fourth*, the Court grants PwC's motion to dismiss the Brazilian law claims in *Central States Southeast and Southwest Areas Pension Fund v. Petróleo Brasileiro S.A.—Petrobras, et al.*, No. 15–cv–3911. PwC raises two arguments against the Brazilian law claims. First, it argues that they are barred by SLUSA. SLUSA provides that, "[n]o covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court." 15 U.S.C. § 78bb(f)(1). The Second Circuit has not addressed whether SLUSA bars foreign law claims, although it has observed that Congress intended SLUSA to finish the work of the Private Securities Litigation Reform Act ("PSLRA") and prevent strike suits in state courts. *See Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107–08 (2d Cir.2001). PwC argues that SLUSA's purpose requires an extension of its ban on state law claims to include foreign law claims. *See LaSala v. TSB Bank, PLC*, 514 F.Supp.2d 447, 472 (S.D.N.Y.2007) ("Congress's intention of making federal court the 'exclusive venue' for class actions falling within its purview would be frustrated if actions that would otherwise be preempted if brought under state law were permitted to proceed in state court by virtue of being brought under foreign law."). *But see LaSala v. Bordier et Cie*, 519 F.3d 121, 138–39 (3d Cir.2008).

■ While PwC's argument makes a good deal of sense, it has no foundation in SLUSA's text, which makes no mention of foreign law claims. Although SLUSA included certain definitions, *see* 15 U.S.C. § 78bb(f)(5), it did not disturb the Exchange Act's definition of "State": "any State of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, or any other possession of the United States." 15 U.S.C. § 78c(a)(16). Simply put, Brazil is not a State. Moreover, SLUSA's legislative history dwells on state law claims, without discussion of foreign law claims. *See* H.R. Conf. Rep. No. 105–803 (1998), S.Rep. No. 105–182 (1998). Despite how well a ban on foreign law claims might fit within the larger statutory

---

**2.** Because the negligent misrepresentation claim fails on reliance grounds, the Court does not reach the questions of whether plaintiff adequately pleaded a duty to disclose or if the recipients of PwC's reports were a "limited group" under the Restatement (Second) of Torts § 552 (1977).

scheme, this Court is bound by the statute's plain language. *See, e.g., Lamie v. U.S. Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). Because the plain language of SLUSA does not bar foreign law claims, PwC's first argument fails.

Second, PwC argues that the Brazilian law claims must be dismissed on the merits. Relying on unrebutted expert reports on Brazilian law submitted by Petrobras and other defendants on their earlier motion to dismiss, PwC raises two independently sufficient arguments that the present claims fail as a matter of Brazilian law.[3] *See* Declaration of Jared Gerber in Support of Defendants' Motion to Dismiss the Individual Action Complaints Ex. 4, Expert Report of Luiz Leonardo Cantidiano ("Cantidiano Report"), No. 14–cv–9662, ECF No. 198–2; Declaration of Jared Gerber in Support of Defendants' Motion to Dismiss the Individual Action Complaints Ex. 5, Expert Report of Paulo Borba Casella ("Casella Report"), No. 14–cv–9662, ECF No. 198–4. First, Article 9 of the Brazilian Introductory Law incorporates the Principle of Territoriality and provides that "[t]he law of the country in which obligations are constituted shall apply to characterize and govern the obligations." Casella Report ¶ 17 (alteration in original). Applying this Principle, Petrobras's Brazilian law expert opined that, because the Central States, Southeast and Southwest Areas Pension Fund ("Central States") only alleges it purchased American Depository Receipts ("ADRs") on a U.S. exchange or in transactions in the United States, Brazilian law cannot govern plaintiffs' claims. *See* Complaint ¶ 10, No.

15–cv–3911, ECF No. 1; Casella Report ¶¶ 17–23.

Second, civil liability under Brazilian law depends on "effective damages," i.e., losses that have been realized. *See* Cantidiano Report ¶ 25 (citing Brazilian Civil Code Article 402). If a loss has not been realized, there are no damages that can support a claim. The *Central States* Complaint fails to state any Brazilian law claims because it does not allege that Central States sold its Petrobras securities and realized a loss. The Complaint merely alleges that the price of Petrobras shares declined, which is insufficient to support a claim under Brazilian law. *See* Complaint ¶¶ 405–09, No. 15–cv–3911, ECF No. 1; Cantidiano Report ¶¶ 25–28.

Central States does not cite any Brazilian law in its favor or submit any reports on Brazilian law. Instead, it argues that the Brazilian law reports on which PwC relies are insufficient because they do not cite cases. However, particularly when a foreign country, such as Brazil, has a civil law system, there is no reason for a United States court to limit its examination of foreign law to cases. Central States also argues that this Court has already determined that New York has only a limited interest in the application of its law to this action, *see* Memorandum Order dated Jan. 5, 2016, at 18, No. 14–cv–9662, ECF No. 386, and that therefore Brazilian law applies. But plaintiff's argument misses the point: its claims fail as a matter of Brazilian law, which has no extraterritorial reach and requires realized losses. On the basis of the unrefuted conclusions of the Brazilian law reports, the Court grants PwC's motion to dismiss Central State's Brazilian law claims.

---

**3.** The Court may take these reports into account. *See* Fed.R.Civ.P. 44.1 ("In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.")

*Fifth*, the Court grants PwC's motion to dismiss the § 10(b) claims and state law claims in *WGI Emerging Markets Fund, LLC, et al. v. Petróleo Brasileiro S.A.— Petrobras, et al.* (the *"WGI"* action), No. 15–cv–7568. The parties stipulated that the Court's decision on PwC's class action motion would apply to the § 10(b) *WGI* claim. *See* Stipulation dated Feb. 5, 2016, No. 15–cv–7568, ECF No. 31. Accordingly, the § 10(b) *WGI* claim must be dismissed because the Court ruled on PwC's class action motion that plaintiffs had failed to adequately plead a strong inference of scienter. *See* Memorandum Order dated Feb. 19, 2016, at 2–9, No. 14–cv–9662, ECF No. 461.

■ PwC also moves to dismiss all claims brought by plaintiff the Board of Regents of the University of Texas (the "Board") for lack of standing.[4] To establish standing, a plaintiff must demonstrate an injury-in-fact. *See W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106–07 (2d Cir.2008). Alternatively, a plaintiff can rely on a "prudential exception" to the injury-in-fact requirement if it "can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." *Id.* at 109.

■ PwC argues that the Board has failed to satisfy the injury-in-fact requirement by failing to allege it purchased Petrobras securities directly. According to PwC, the funds managed by the Board purchased the securities and were harmed.

However, the SAC alleges that "[t]he Board, acting through its investment managers and agents, purchased ADSs issued by Petrobras." SAC ¶ 17. It also alleges that the funds managed by the Board, the Permanent University Fund, the University of Texas General Endowment Fund, Intermediate Term Fund, and related funds, "do not have a legal personality, have no employees or officers, and cannot act on their own." Id. At this stage, the Court must accept these allegations as true, *see W.R. Huff Asset Management Co., LLC*, 549 F.3d at 106, and so must conclude that the Board has satisfied the injury-in-fact requirement, as well as the conditions for the prudential exception. Accordingly, the Court declines to dismiss the Board's claims for lack of standing.

PwC also argues that SLUSA bars the state law claims brought by the Board. SLUSA contains exceptions to its general ban on state law claims. In particular, it does not bar state law claims brought by a "State or political subdivision thereof or a State pension plan … on its own behalf." 15 U.S.C. § 78bb(f)(3)(B)(i). As discussed above, the Exchange Act defines "State" as "any State of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, or any other possession of the United States." 15 U.S.C. § 78c(a)(16).

■ The Board argues that, for SLUSA's purposes, it should be considered the State of Texas or a political subdivision thereof. Neither of these alternatives can be reconciled with SLUSA's plain lan-

---

**4.** Plaintiffs attached a proposed Second Amended Complaint to their opposition to PwC's motion to dismiss. *See* WGI Plaintiffs' Memorandum of Law in Opposition to PricewaterhouseCoopers Auditores Independentes' Motion to Dismiss the WGI Individual Action App. 1, Proposed Second Amended Complaint ("SAC"), No. 15–cv–7568, ECF No. 32–1. PwC objects that the SAC is untimely. How-

ever, Fed.R.Civ.P. 15(a) directs that leave to amend should be freely given when justice so requires. Plaintiffs' amendments were minimal, and defendants had a fair opportunity to reply to them in their briefing. Plaintiffs request to file the SAC is granted, and the Court considers it the operative pleading for the present discussion.

guage. The Board is not Texas, nor any other State. The Board is also not a political subdivision of the State of Texas because it does not discharge any functions of local government. *See Demings v. Nationwide Life Ins. Co.*, 593 F.3d 486, 491–93 (6th Cir.2010) (O'Connor, J.) (quoting Black's Law Dictionary 1197 (8th ed.2004) (defining "political subdivision" as "[a] division of a state that exists primarily to discharge some function of local government")). Instead, the Board manages statewide systems of higher education, a task undertaken by state agencies—not States or political subdivisions—throughout the country. *See* Tex. Const. art. 7, § 11a; Tex. Educ.Code § 65.11. The cases and materials cited by the Board demonstrating the proximity of the Board to the State of Texas are not material to a SLUSA analysis. *See, e.g., Texas v. Walker*, 142 F.3d 813, 820 n. 10 (5th Cir.1998) (noting that the parties agreed that the Board's members could invoke Eleventh Amendment immunity and describing them as "arms" of the State of Texas for Eleventh Amendment purposes); I.R.S. Priv. Ltr. Rul. 84–25–064 (March 20, 1984) (concluding that "the University System and its component institutions" qualify for state exemptions from federal excise taxes). Accordingly, the Court concludes that SLUSA bars the Board's state law claims and grants PwC's motion to dismiss them.[5]

For the foregoing reasons, the Court hereby dismisses all claims against PwC, except for claims brought under § 11 of the Securities Act, in *Ohio Public Employees Retirement System v. Petroleo Brasileiro S.A.—Petrobras, et al.*, No. 15–cv–3887; *Al Shams Investments Ltd., et al. v. PetrOleo Brasileiro S.A.—Petrobras, et al.*, No. 15–cv–6243; *Washington State Investment Board v. PetrOleo Brasileiro S.A.—Petrobras, et al.*, No. 15–cv–3923; *Central States Southeast and Southwest Areas Pension Fund v. Petraleo Brasileiro S.A.—Petrobras, et at.*, No. 15–cv–3911; and *WGI Emerging Markets Fund, LLC, et al. v. Petroleo Brasileiro S.A.—Petrobras, et at.*, No. 15–cv–7568.

The Clerk of Court is directed to close document number 43 on the docket of *Ohio Public Employees Retirement System v. PetrOleo Brasileiro S.A.—Petrobras, et al.*, No. 15–cv–3887; document number 44 on the docket of *Al Shams Investments Ltd., et al. v. Petraleo Brasileiro S.A.—Petrobras, at al.*, No. 15–cv–6243, document number 65 on the docket of *Washington State Investment Board y. PetrOleo Brasileiro S.A.—Petrobras, et al.*, No. 15–cv–3923; document number 44 on the docket of *Central States Southeast and Southwest Areas Pension Fund v. PetrOleo Brasileiro S.A.—Petrobras, at at.*, No. 15–cv–3911; and document number 29 on the docket of *WGI Emerging Markets Fund, LLC, et al. v. Petraleo Brasileiro S.A.—Petrobras, at al.*, No. 15–cv–7568.

SO ORDERED.

---

5. Any state law claims brought by parties other than the Board in the *WGI* action were withdrawn with the filing of the SAC. *See* WGI Plaintiffs' Memorandum of Law in Opposition to PricewaterhouseCoopers Auditores Independentes' Motion to Dismiss the WGI Individual Action, No. 15–cv–7568, ECF No. 32 at 23 n.17.